# **STATUTORY ADDENDUM**

Pub. L. No. 96-157, § 2, 93 Stat. 1213 (Dec. 27, 1979) .................................................................. 1

Pub. L. No. 98-473, Title II, § 609(f), 98 Stat. 2093 (Oct. 12, 1984) ............................................. 2

Pub. L. No. 109-162, Title XI, § 1115(c), 119 Stat. 3104 (Jan. 5, 2006) ....................................... 3

or property, the Administrator of the fund may in his discretion assert a claim against the property or goods in the amount of Federal funds used to purchase such goods or property. Proceeds from such claims shall be paid into the revolving fund. The Administrator is authorized to make disbursements by appropriate means, including grants, from the fund for the purpose of this section.

"CONFIDENTIALITY OF INFORMATION"

"SEC. 818. (a) Except as provided by Federal law other than this title, no officer or employee of the Federal Government, and no recipient of assistance under the provisions of this title shall use or reveal any research or statistical information furnished under this title by any person and identifiable to any specific private person for any purpose other than the purpose for which it was obtained in accordance with this title. Such information and copies thereof shall be immune from legal process, and shall not, without the consent of the person furnishing such information, be admitted as evidence or used for any purpose in any action, suit, or other judicial, legislative, or administrative proceedings. [42 USC 3789g.]

"(b) All criminal history information collected, stored, or disseminated through support under this title shall contain, to the maximum extent feasible, disposition as well as arrest data where arrest data is included therein. The collection, storage, and dissemination of such information shall take place under procedures reasonably designed to insure that all such information is kept current therein; the Office of Justice Assistance, Research, and Statistics shall assure that the security and privacy of all information is adequately provided for and that information shall only be used for law enforcement and criminal justice and other lawful purposes. In addition, an individual who believes that criminal history information concerning him contained in an automated system is inaccurate, incomplete, or maintained in violation of this title, shall, upon satisfactory verification of his identity, be entitled to review such information and to obtain a copy of it for the purpose of challenge or correction. [Review.]

"(c) All criminal intelligence systems operating through support under this title shall collect, maintain, and disseminate criminal intelligence information in conformance with policy standards which are prescribed by the Office of Justice Assistance, Research, and Statistics and which are written to assure that the funding and operation of these systems furthers the purpose of this title and to assure that such systems are not utilized in violation of the privacy and constitutional rights of individuals.

"(d) Any person violating the provisions of this section, or of any rule, regulation, or order issued thereunder, shall be fined not to exceed $10,000, in addition to any other penalty imposed by law. [Fine.]

"AUTHORITY TO ACCEPT VOLUNTARY SERVICES"

"SEC. 819. The Office of Justice Assistance, Research, and Statistics, the National Institute of Justice, the Bureau of Justice Statistics, and the Law Enforcement Assistance Administration are authorized to accept and employ, in carrying out the provisions of this title, voluntary and uncompensated services notwithstanding the provisions of section 3679(b) of the Revised Statutes (31 U.S.C. 665(b)). Such individuals shall not be considered Federal employees except for purposes of chapter 81 of title 5, United States Code, with respect to job-incurred disability and title 28, United States Code, with respect to tort claims. [42 USC 3789h.] [5 USC 8101 et seq.]

PUBLIC LAW 98-473—OCT. 12, 1984          98 STAT. 2093

the basis for the appeal, if substantiated, would not establish a basis for awarding or continuing of the grant involved. Under such circumstances, a more detailed statement of reasons for the agency action should be made available, upon request, to the applicant.

"(c) If the applicant involved is dissatisfied with the findings and determinations of the Bureau of Justice Assistance, the National Institute of Justice, or the Bureau of Justice Statistics following notice and hearing provided for in subsection (a) of this section, a request may be made for rehearing, under such regulations and procedure as the Bureau of Justice Assistance, the National Institute of Justice, or the Bureau of Justice Statistics may establish, and such applicant shall be afforded an opportunity to present such additional information as may be deemed appropriate and pertinent to the matter involved.".

(c) Section 804 of part H of title I of the Omnibus Crime Control and Safe Streets Act of 1968 (42 U.S.C. 3784) is amended by striking out "Law Enforcement Assistance Administration" and inserting in lieu thereof "Bureau of Justice Assistance". *Infra.*

(d) Section 805 of part H of title I of the Omnibus Crime Control and Safe Streets Act of 1968 (42 U.S.C. 3785) is amended— *Infra.*

    (1) by striking out "Office of Justice Assistance, Research, and Statistics, the Law Enforcement Assistance Administration," each place it appears and inserting in lieu thereof "Office of Justice Programs, Bureau of Justice Assistance,",

    (2) by inserting "the Office of Juvenile Justice and Delinquency Prevention," before "or the National Institute of Justice" each place it appears,

    (3) in subsection (a) by striking out "section 803, 804, or 815(c)(2)(G)" and inserting in lieu thereof "section 802, 803, or 809(c)(2)(G)", and

    (4) in subsection (b) by inserting "the Office of Juvenile Justice and Delinquency Prevention" before "or the Bureau of Justice Statistics".

(e) Part H of title I of the Omnibus Crime Control and Safe Streets Act of 1968 (42 U.S.C. 3781 et seq.) is amended by striking out sections 806, 807, 808, 809, 810, 811, 812, 813, 814, 819, and 826. Repeals. 42 USC 3786-3789c, 3789h, 3789o. 18 USC 1761 and note; 41 USC 35; *post,* p. 2103. 42 USC 3784, 3785, 3789d-3789g, 3789i-3789n.

(f) Part H of title I of the Omnibus Crime Control and Safe Streets Act of 1968 (42 U.S.C. 3781-3789o) is amended by redesignating sections 804, 805, 815, 816, 817, 818, 820, 821, 822, 823, 824, 825, and 827 as sections 803, 804, 809, 810, 811, 812, 813, 814, 815, 816, 817, 818, and 819, respectively.

(g) Part H of title I of the Omnibus Crime Control and Safe Streets Act of 1968 (42 U.S.C. 3781-3789o) is amended by inserting after section 804, as so redesignated, the following new sections: 42 USC 3781-3789o.

"DELEGATION OF FUNCTIONS

"SEC. 805. The Attorney General, the Assistant Attorney General, the Director of the National Institute of Justice, the Director of the Bureau of Justice Statistics, the Administrator of the Office of Juvenile Justice and Delinquency Prevention, and the Director of the Bureau of Justice Assistance may delegate to any of their respective officers or employees such functions under this title as they deem appropriate. 42 USC 3786.

119 STAT. 3104  PUBLIC LAW 109–162—JAN. 5, 2006

"(6) confer and cooperate with Federal statistical agencies as needed to carry out the purposes of this part, including by entering into cooperative data sharing agreements in conformity with all laws and regulations applicable to the disclosure and use of data.".

(b) USE OF DATA.—Section 304 of such Act (42 U.S.C. 3735) is amended by striking "particular individual" and inserting "private person or public agency".

(c) CONFIDENTIALITY OF INFORMATION.—Section 812(a) of such Act (42 U.S.C. 3789g(a)) is amended by striking "Except as provided by Federal law other than this title, no" and inserting "No".

**SEC. 1116. EXTENSION OF MATCHING GRANT PROGRAM FOR LAW ENFORCEMENT ARMOR VESTS.**

Section 1001(a)(23) of title I of the Omnibus Crime Control and Safe Streets Act of 1968 (42 U.S.C. 3793(a)(23)) is amended by striking "2007" and inserting "2009".

## CHAPTER 2—BUILDING COMMUNITY CAPACITY TO PREVENT, REDUCE, AND CONTROL CRIME

**SEC. 1121. OFFICE OF WEED AND SEED STRATEGIES.**

(a) IN GENERAL.—Part A of title I of the Omnibus Crime Control and Safe Streets Act of 1968 is amended by inserting after section 102 (42 U.S.C. 3712) the following new sections:

42 USC 3712a.

**"SEC. 103. OFFICE OF WEED AND SEED STRATEGIES.**

"(a) ESTABLISHMENT.—There is established within the Office an Office of Weed and Seed Strategies, headed by a Director appointed by the Attorney General.

"(b) ASSISTANCE.—The Director may assist States, units of local government, and neighborhood and community-based organizations in developing Weed and Seed strategies, as provided in section 104.

"(c) AUTHORIZATION OF APPROPRIATIONS.—There is authorized to be appropriated to carry out this section $60,000,000 for fiscal year 2006, and such sums as may be necessary for each of fiscal years 2007, 2008, and 2009, to remain available until expended.

42 USC 3712b.

**"SEC. 104. WEED AND SEED STRATEGIES.**

"(a) IN GENERAL.—From amounts made available under section 103(c), the Director of the Office of Weed and Seed Strategies may implement strategies, to be known as Weed and Seed strategies, to prevent, control, and reduce violent crime, criminal drug-related activity, and gang activity in designated Weed-and-Seed communities. Each such strategy shall involve both of the following activities:

"(1) WEEDING.—Activities, to be known as Weeding activities, which shall include promoting and coordinating a broad spectrum of community efforts (especially those of law enforcement agencies and prosecutors) to arrest, and to sanction or incarcerate, persons in that community who participate or engage in violent crime, criminal drug-related activity, and other crimes that threaten the quality of life in that community.

"(2) SEEDING.—Activities, to be known as Seeding activities, which shall include promoting and coordinating a broad spectrum of community efforts (such as drug abuse education, mentoring, and employment counseling) to provide—