UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GANNETT SATELLITE INFORMATION NETWORK,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:22-cv-00475 |

# **DECLARATION OF CHAUNTONYA E. EASON**

I, Chauntonya E. Eason, declare the following to be true and correct:

1. I am a Government Information Specialist responsible for Freedom of Information Act ("FOIA") requests submitted to the Office of Justice Programs ("OJP") at the United States Department of Justice ("DOJ"). I am responsible for processing and responding to FOIA requests seeking records from within OJP in accordance with the mandates and exemptions of FOIA. I determine whether records are responsive to FOIA requests and, if so, whether they can be released in accordance with the FOIA. I communicate with requesters and prepare the responses to the FOIA requests that are referred to OJP by other DOJ components and other federal agencies, and to requests that are submitted directly to OJP.

2. In general terms, FOIA requests are handled as follows: I review incoming FOIA requests assigned to me for processing and may communicate with the bureau(s) or office(s) that are likely to have potentially responsive records. I then review the records provided by those bureau(s) or office(s) for responsiveness, apply any relevant

FOIA exemptions, and prepare a response to the requester(s).

3. In my capacity as a Government Information Specialist, I am a member of the staff of OJP's Office of the General Counsel ("OGC"). In handling a particular request, I may consult with attorneys within OGC. In some instances, the FOIA Officer and OGC attorneys also may review records provided by an OJP bureau or office to evaluate responsiveness and/or analyze relevant FOIA exemptions.

4. The statements I make in this declaration are based on my personal knowledge, my review of documents kept by OJP in the ordinary course of business, and documents and information provided to me by OJP employees in the course of their official duties.

5. I am familiar with OJP's handling of the FOIA request submitted by the Plaintiff, Gannett Satellite Information Network, which was assigned the tracking number 21-FOIA-00156 by OJP. This declaration provides information concerning OJP's search in response to the FOIA request.

6. Plaintiff submitted a FOIA request on April 9, 2021, which sought records responsive to two items:

> (1) "all information submitted to BJS under the Mortality in Correctional Institutions program. This includes information contained in submissions of BJS Forms CJ-9 and CJ-10 and any other data elements states are required to provide under 34 USC 60105, from 2010 through the date on which my request is processed. If this information is stored in a tabular database format, please provide a copy to me in tabular, sortable form such as comma-separated values (CSV). If the information exists ONLY as a paper or PDF form submission, please provide PDF copies. To be clear, I am requesting data on the deaths of individual inmates, not the summaries of inmate deaths published on the BJS website."
>
> (2) "a copy of any data dictionary, record layout or other documentation that describes elements contained in the electronic database requested above."

7. On April 9, 2021, following standard FOIA procedures, OJP's FOIA office

requested that the Bureau of Justice Statistics (BJS), the OJP bureau referenced in the FOIA request, identify and provide records responsive to the Plaintiff's FOIA request for processing by OJP's FOIA office.

8. BJS personnel reported to OJP's FOIA office that, in response to the FOIA request, it searched the Mortality in Correctional Institutions databases, including the databases for the CJ-9 (Death Report on Inmates Under Jail Jurisdiction), CJ-10 (Death Report on Inmates in Private and Multi-Jurisdictional Jails), and NPS-4A (State Prison Inmate Death Report) forms. In accordance with the Plaintiff's FOIA request, BJS reported that it excluded from its search the annual summaries of mortality in state prisons and local jails published on the BJS website. BJS searched all databases that contain information submitted to the Mortality in Correctional Institutions program, and there are no other locations reasonably likely to contain responsive records. BJS located 236,568 pages of documents that might respond to the Plaintiff's FOIA request. BJS advised that, in their view, because these records contain research or statistical information identifiable to specific persons, the release of these records would violate 34 U.S.C. § 10231.

9. OJP's FOIA office reviewed the records located by BJS in response to the Plaintiff's FOIA request and determined that because the records contain research or statistical information identifiable to specific private persons, the records were exempt from disclosure under 34 U.S.C. § 10231. Because the records were exempt from disclosure by this statute, OJP's FOIA office determined that FOIA exemption (b)(3) applied to the BJS records (5 U.S.C. § 552(b)(3)). Exemption (b)(3) authorizes an agency to withhold information prohibited from disclosure by another statute.

10. On April 13, 2021, OJP acknowledged and responded to the Plaintiff's FOIA

request via a letter that I e-mailed to the Plaintiff. The letter stated that all of the records located by BJS in response to the FOIA request were subject to FOIA exemption (b)(3), found at 5 U.S.C. § 552(b)(3).

11. On April 14, 2021, the Plaintiff subsequently appealed the withholding decision to the DOJ's Office of Information Policy (OIP).

12. OJP conducted a further search for records pertaining to the second part of Plaintiff's FOIA request ("a copy of any data dictionary, record layout or other documentation that describes elements contained in the electronic database requested above"). On October 4, 2021, BJS provided OJP's FOIA office with records responsive to the second part of the Plaintiff's FOIA request. On October 4, 2021, OJP provided these records, which were publicly available on the National Archive of Criminal Justice Data website (https://www.icpsr.umich.edu/web/NACJD/), to OIP.

13. On December 3, 2021, OIP made its final determination on the Plaintiff's FOIA request and released 71 pages to the Plaintiff that were responsive to the second part of Plaintiff's FOIA request. OIP otherwise affirmed OJP's withholding of records pursuant to exemption (b)(3).

14. I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 30th day of June, 2022.

*Chauntonya E Eason*
Chauntonya E Eason