IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GANNETT SATELLITE INFORMATION NETWORK,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | Case No. 22-cv-475 (BAH) |

**DECLARATION OF JAMES DOUGLAS CARUSO**

1. My name is James Douglas Caruso.

2. I am over the age of 18 and competent to provide this declaration.

3. The following statements are made on my personal and professional knowledge, and, if sworn as a witness, I can testify competently thereto.

4. I am a data editor at USA TODAY, which is owned by Plaintiff Gannett Satellite Information Network.

5. I have worked as a reporter and editor for 33 years, focused for much of that time on acquiring and analyzing data for news stories and investigations. I recently led an investigation that found low-income communities with high rates of traffic deaths are missing out on federal Safe Streets money and another that showed Massachusetts police officers are mis-identifying Hispanic drivers, throwing off the state's analysis of disparities in traffic enforcement. I led USA TODAY's investigation of deaths and illnesses in meatpacking plants during the recent pandemic, showing how federal- and state-government policies exacerbated the problem. USA TODAY nominated the coverage for a Pulitzer Prize and SABEW, the national business journalism

organization, gave the coverage its highest award for journalism at the intersection of business and government. My career has been dedicated to analyzing data to examine the workings of government and holding officials accountable.

6. On April 9, 2021, USA TODAY submitted a FOIA request to the Department of Justice seeking, among other things, "all information submitted to BJS under the Mortality in Correctional Institutions program" from 2010 to the date the request was processed. A true and correct copy of the request is attached as Exhibit 1.

7. On April 13, 2021, DOJ denied the request under FOIA Exemption 3. A true and correct copy of the denial letter is attached as Exhibit 2.

8. On April 14, 2021, USA TODAY administratively appealed DOJ's denial. A true and correct copy of the appeal letter is attached as Exhibit 3.

9. On December 3, 2021, DOJ denied USA TODAY's administrative appeal. A true and correct copy of the appeal denial letter is attached as Exhibit 4.

10. On October 26, 2023, I received via email attachment a comma-separated-value (.csv) file containing heavily redacted records in response to the FOIA request that is the subject of this lawsuit.

11. One purpose of Gannett's request was to examine whether the Bureau of Justice Statistics has fulfilled its duties to collect timely and useful data on deaths in U.S. prisons and jails.

12. Another purpose of Gannett's request was to reveal whether the federal government is effectively collaborating with states to reduce inmate deaths.

13. DCRA 2013 required the Attorney General to issue a report to Congress analyzing issues related to prison mortality.

14. As far as I am aware, DOJ has not produced the report to Congress required by DCRA 2013.

15. Thus, another purpose of Gannett's request was to conduct the analysis the Attorney General was required to include in the as-yet-nonexistent report.

16. The 16,625 records contained in the file responding to our request and the court's order are so heavily redacted that they do not enable much of the analysis Gannett intends to perform.

17. I analyzed the data BJS provided and came to the following conclusions:

18. There is no unredacted information in the first six columns which comprise the inmate's name and date of birth.

19. The name field is necessary for reporters to follow up on specific deaths. This type of reporting is necessary for identifying trends in why people are dying in state prison and thus whether the federal government is properly collaborating with state and local authorities to reduce inmate deaths, such as by providing grants. Even if all the other columns were unredacted, they would not give a complete picture of why the death occurred. To fill in those gaps, reporters often need to contact people who knew the deceased, which they can do only if they know the person's identity.

20. The date of birth field is also necessary to understand how old people are when they die in state and local custody, which could affect the type of aid the federal government should be giving to state and local correctional facilities.

21. The state is redacted in 22% (more than one in 5) records, so it is impossible to get even a state-level count of prison deaths.

- 4 -

22. That in turn prevents the public from understanding whether the federal government is properly directing resources to the states that need them most.

23. The facility name is redacted in 58% of the records, making it impossible to tally deaths at specific prison facilities.

24. Having statistics on the particular facilities where inmates die is necessary to ensure that the neediest facilities receive the most federal government resources.

25. The Cause field has 184 redacted records (about 1%) and 161 blank fields (about 1%). But this is misleading: The most common cause (13,504 records), is illness, but the following field, which specifies which illness, is redacted 11,499 times. In effect, this redacts the cause of death for 69% of the records. We cannot say with any specificity why inmates are dying.

26. Without knowing why inmates are dying, it is difficult to understand whether federal interventions are effective, or could be more effective, at preventing inmate deaths.

27. The spreadsheet contains a "Notes" field that is entirely redacted, and which I believe to contain a narrative description of the inmate's death.

28. BJS redacted information, including inmate names, that is routinely disclosed by state prison agencies.

29. When UCLA's law school collected data on inmate deaths from 42 states, 29 of them disclosed inmate names, according to data UCLA published on GitHub at the following link: https://github.com/uclalawcovid19behindbars/custodial_mortality_project/tree/main/Data/Raw/Deaths/Individual.

30. Those states were: Alaska, Arizona, Colorado, Delaware, Florida, Georgia, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Minnesota, Missouri, Montana, Nevada, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, South Carolina, Texas, Vermont and Wyoming.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on April 18, 2024.

James Douglas Caruso

Exhibit 1



April 9, 2021

Monica Potter-Johnson
Government Information Specialist
Office of Justice Programs, Department of Justice
Room 5400, 810 7th Street, N.W.
Washington, DC 20531

To the public records officer:

This is a request for electronic public records under the Freedom of Information Act. Please provide:

1. all information submitted to BJS under the Mortality in Correctional Institutions program. This includes information contained in submissions of BJS Forms CJ-9 and CJ-10 and any other data elements states are required to provide under 34 USC 60105, from 2010 through the date on which my request is processed. If this information is stored in a tabular database format, please provide a copy to me in tabular, sortable form such as comma-separated values (CSV). If the information exists ONLY as a paper or PDF form submission, please provide PDF copies. To be clear, I am requesting data on the deaths of individual inmates, not the summaries of inmate deaths published on the BJS website.

2. a copy of any data dictionary, record layout or other documentation that describes elements contained in the electronic database requested above.

Because I am a journalist gathering these public records for a national news organization, I ask that any fees associated with retrieving the data be waived as the law requires. I look forward to your timely response as the law provides.

Sincerely,

Steve Suo
Data Team editor
USA TODAY



**U.S. Department of Justice**

Office of Justice Programs

Office of the General Counsel



*Washington, D.C. 20531*

April 13, 2021

**Via Email**
SSuo@usatoday.com

Steve Suo
Data Team Editor
USA Today

Re: OJP FOIA No. 21-FOIA-00156

Dear Mr. Suo:

This letter acknowledges and responds to your April 9, 2021, Freedom of Information Act/Privacy Act (FOIA/PA) request, which was received in the Office of Justice Programs (OJP), Office of the General Counsel, on the same date. A copy of your request is attached for your convenience.

Please be advised that a search has been conducted in OJP, and records, consisting of 236,568 pages, were located that are responsive to your request. After carefully reviewing the records, I have determined that 236,568 pages are exempt from disclosure pursuant to exemption (b)(3) of the Freedom of Information Act, 5 U.S.C. § 552 (2018). Exemption (b)(3) authorizes an agency to withhold information prohibited from disclosure by another statute. This provision concerns matters specifically exempted from release by statute (in this instance, 34 U.S.C. §10231, which pertains to research or statistical information collected by the Bureau of Justice Statistics and must remain confidential). This completes the processing of your request by OJP.

You may contact a member of our FOIA Staff at (202) 307-6235, via e-mail at FOIAOJP@usdoj.gov, as well as, our FOIA Public Liaison, for any further assistance and to discuss any aspect of your request at:

> US DOJ, Office of Justice Programs
> Office of the General Counsel
> 810 7th Street, NW, Room 5400
> Washington, D.C. 20531
> Attn: FOIA

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College

Exhibit 2

Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with OJP's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 calendar days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

*Chaun Eason*

Chaun Eason
Government Information Specialist

Attachment

Exhibit 3



April 14, 2021

Director, Office of Information Policy (OIP)
United States Department of Justice
441 G Street, NW, 6th Floor
Washington, D.C. 20530,

To the director:

This is an appeal of a denial of my request for electronic public records under the Freedom of Information Act, OJP FOIA No. 21-FOIA-00156.

On April 9, 2021, I requested:

1. all information submitted to BJS under the Mortality in Correctional Institutions program. This includes information contained in submissions of BJS Forms CJ-9 and CJ-10 and any other data elements states are required to provide under 34 USC 60105, from 2010 through the date on which my request is processed. If this information is stored in a tabular database format, please provide a copy to me in tabular, sortable form such as comma-separated values (CSV). If the information exists ONLY as a paper or PDF form submission, please provide PDF copies. To be clear, I am requesting data on the deaths of individual inmates, not the summaries of inmate deaths published on the BJS website.

2. a copy of any data dictionary, record layout or other documentation that describes elements contained in the electronic database requested above.

On April 13, 2021, I received a letter from Chaun Eason, government information specialist, informing me that he had determined all responsive records were exempt from disclosure.

His denial letter cited FOIA exemption (b)(3), which exempts information prohibited from disclosure by another statute. The other statute he cited was 34 U.S.C. §10231, concerning "research or statistical information collected by the Bureau of Justice Statistics and must remain confidential." This prohibition states: "No officer or employee of the Federal Government, and no recipient of assistance under the

provisions of this chapter shall use or reveal any research or statistical information furnished **under this chapter** by any person and identifiable to any specific private person for any purpose other than the purpose for which it was obtained in accordance with this chapter." (Emphasis added.)

This language is contained in Title 34, Subtitle I, Chapter 101 (Justice System Improvement). However, I requested records collected under [34 USC §60105](#), which is part of Title 34, Subtitle IV, Chapter 601 (Prisons). This prohibition does not appear to apply to information furnished under the Prisons chapter, and therefore nothing appears to prevent disclosure of the records I requested under FOIA.

Separately, Mr. Eason's denial did not address the second item in my request: a data dictionary, record layout or other documentation describing the contents of an DOJ database that houses submissions received under [34 USC §60105](#). No exemptions have been cited for this material and I renew my request.

Please let me know if I may provide any supplemental information for you to consider in reviewing this denial. I look forward to your response.

Sincerely,

Steve Suo
Data Team editor
USA TODAY



**U.S. Department of Justice**

Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

Exhibit 4

*Telephone: (202) 514-3642*

Steve Suo
USA Today
7950 Jones Branch Drive
McLean, VA  22108

December 3, 2021

Re:  Appeal No. A-2021-01557
     Request No. 21-FOIA-00156
     CDT:MGS

ssuo@usatoday.com

**VIA: Email**

Dear Steve Suo:

    You appealed from the action of Office of Justice Program of the United States Department of Justice (OJP) on your Freedom of Information Act request for access to records concerning death in custody reports from 2010 through the date of your request, and a copy of any data dictionary pertaining to the records requested above.  I note that your appeal concerns OJP's denial of your request pursuant to Exemption (b)(3).

    As a result of discussions between OJP personnel and this Office, OJP conducted a further search for records pertaining to part two of your request and located records responsive to part two your request which pertain to data documentation for local jails for 2000-2017 and for state prisons for 2001-2017.  Accordingly, I am releasing seventy-one pages in full to you, copies of which I have enclosed.  I am otherwise affirming OJP's action on part one of your request.

    The FOIA provides for disclosure of many agency records.  At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities.  As to subpart one of your request, OJP properly withheld this information in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(3).  This provision concerns matters specifically exempted from release by a statute other than the FOIA (in this instance, 34 U.S.C. §10231, which pertains to the protection of research and statistical information collected by the Bureau of Justice Statistics).

    Please be advised that this Office's decision was made only after a full review of this matter.  Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of OJP in response to your

request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. §552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

X_____
Matthew Hurd,
Chief, Administrative Appeals Staff

Enclosures