IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GANNETT SATELLITE INFORMATION NETWORK,<br><br>*Plaintiff*,<br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>*Defendant*. | Case No. 22-cv-475-BAH |

**DEFENDANT'S SECOND STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE IN SUPPORT OF ITS SECOND MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 7(h)(1), Defendant United States Department of Justice respectfully submits the following second statement of material facts as to which there is no genuine issue:

1. Defendant produced MCI data submitted by states for deaths occurring on or after October 1, 2015, to Plaintiff on October 26, 2023. Second Declaration of Amy Lauger ¶ 4.

2. The MCI data produced to Plaintiff on October 26, 2023, did not include the notes column. *Id.*

3. At the time, BJS had understood Plaintiff to have agreed to exclude the notes column from it request. *Id.*

4. BJS subsequently re-processed the data produced to Plaintiff with the notes column included. *Id.* ¶ 5.

5. When it re-processed the data, BJS preserved the redactions that had been made in the previous production. *Id.* ¶ 6.

6. If the previously produced data were to have been entirely re-processed using the k-anonymity method with the notes column included and without preserving the previous redactions, some previously redacted information could have been left unredacted in the newly processed dataset. *Id.*

7. If Defendant had produced a new version of the dataset with different redactions to Plaintiff, Plaintiff would have been able to compare and contrast the two versions to reveal additional information, thereby defeating the purpose of the redactions for entries in the dataset with different redactions between the two versions. *Id.*

8. When BJS re-processed the dataset with the notes column included, it treated the notes column as an additional quasi-identifier.

9. The statement on BJS's MCI webpage that BJS collected MCI data from the "Federal Bureau of Prisons" is a clerical error. Second Declaration of Elizabeth Ann Carson ¶ 5.

10. BJS never collected MCI data from the Federal Bureau of Prisons. *Id.*

11. Until 2015, BJS collected annual aggregate counts of deaths (not individual-level data) from federal prisons. This collection of aggregate counts of deaths was not part of the MCI data collection. BJS publicly released the aggregated counts of deaths in federal prisons. *See* https://bjs.ojp.gov/library/publications/mortality-state-and-federal-prisons-2001-2019-statistical-tables. *Id.*

12. RTI, the data collection agent for the MCI program, never collected federal deaths-in-custody data for the MCI program. *Id.*

13. Federal data was not collected via the MCI data collection portal. *Id.*

14. In fiscal year 2016, BJS created the Federal Deaths in Custody Reporting Program ("FDCRP") to collect deaths-in-custody data from federal law enforcement agencies. *Id.* ¶ 6.

15. The FDCRP is distinct from the MCI program. *Id.*

16. BJS did not make non-public MCI data available to other DOJ offices and components for grant-making purposes. *Id.* ¶ 7.

Dated: June 7, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Cormac A. Early*
CORMAC A. EARLY
D.C. Bar No. 1033835
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 616-7420
cormac.a.early@usdoj.gov

*Counsel for Defendants*