UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GANNETT SATELLITE INFORMATION NETWORK,<br><br>   *Plaintiff*,<br><br>  v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>   *Defendant*. | Case No. 22-cv-475-BAH |

**JOINT STATUS REPORT**

  Pursuant to the Court's Order of February 6, 2025, the parties, having conferred, jointly submit the following update on the status of this matter.

  Defendant is currently considering whether to appeal this Court's Opinion and Order on February 6, 2025, denying Defendant's Second Motion for Summary Judgment and granting and denying in part Defendant's Motion for Partial Reconsideration. That Order otherwise directs Defendant to "promptly produce to plaintiff the unredacted versions of responsive records collected from state and local authorities between October 1, 2015, and the end of 2019, as well as search for and produce federal Bureau of Prisons records collected by BJS during the same time period." It further directs the parties to "propos[e] a schedule for any further proceedings in this case, including addressing an estimated timeline for defendant's prompt compliance with this order."

  In cases where the United States is a party, Congress has provided all parties with 60 days in which to appeal, 28 U.S.C. § 2107(b); *see* Fed. R. App. P. 4(a)(1)(B), in order to provide

sufficient time for the Department of Justice ("DOJ") to consult with interested components of the government and for the Solicitor General to determine whether to appeal, 28 C.F.R. § 0.20(b). However, disclosure of the unredacted responsive records collected by DOJ's Bureau of Justice Statistics ("BJS") would moot any appeal by the government, depriving the government of the protection of FOIA's exemptions without appellate review. *See In re Papandreou*, 139 F.3d 247, 251 (D.C. Cir. 1998); *Ctr. for Nat'l Sec. Studies v. DOJ*, 217 F. Supp. 2d 58, 58 (D.D.C. 2002) (explaining that, in FOIA cases, "disclosure . . . would effectively moot any appeal"). Accordingly, an extension of any deadline for production of responsive records in response to the Court's Order is necessary in order to preserve the government's appellate rights. Granting such an extension would also obviate the need for the government to seek a stay from this Court, and potentially an emergency stay in the court of appeals, to protect those rights.

Should Defendant ultimately not pursue appeal, Defendant estimates that it would be able to produce unredacted versions of the data that has already been produced in redacted form one business day after the deadline for filing a notice of appeal. Defendant estimates that it would be able to produce the remaining materials that it needs to collect and process under the Court's Order approximately 20 business days after the deadline for filing a notice of appeal. The government's deadline to appeal is April 7, 2025. Thus, in light of Defendant's need to preserve its appellate rights coupled with its ability to produce responsive documents, Defendant respectfully requests that its deadline for production of already collected and processed data in unredacted form be set on April 8, 2025, and its deadline for the production of remaining materials to be collected and processed be set on May 5, 2025.

Plaintiff does not oppose Defendant's proposal to set the deadline for producing records until after the appeal deadline and agrees with the deadlines proposed by Defendant.

Accordingly, the parties respectfully request that they be allowed to submit a further joint status report on or before May 12, 2025.

Dated: February 21, 2025                                      Respectfully submitted,

                                                              BRETT A. SHUMATE
                                                              Acting Assistant Attorney General

                                                              MARCIA BERMAN
                                                              Assistant Branch Director

                                                              */s/ Yuri S. Fuchs*
                                                              YURI S. FUCHS, D.C. Bar. No. 1030090
                                                              EITAN SIRKOVICH
                                                              D.C. Bar No. 90030102
                                                              Trial Attorneys, U.S. Department of Justice
                                                              Civil Division, Federal Programs Branch
                                                              1100 L Street, N.W.
                                                              Washington, D.C. 20005
                                                              Tel.: (202) 598-3869
                                                              yuri.s.fuchs@usdoj.gov

                                                              *Counsel for Defendants*

                                                              */s/ Merrick Wayne*
                                                              Matt Topic, D.C. Bar No. IL0037
                                                              Merrick Wayne, D.C. Bar No. IL0058
                                                              Stephen Stich Match, D.C. Bar No. MA0044
                                                              LOEVY & LOEVY
                                                              311 N. Aberdeen, Third Floor
                                                              Chicago, IL 60607
                                                              (312) 243-5900
                                                              foia@loevy.com

                                                              *Counsel for Plaintiff*